**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

LONTEZ BROOKS, SR.,

                                        Plaintiff,

                                                                          9:21-CV-0963
                        v.                                                (GLS/DJS)

EDWIN J. ARQUIIT, et al.,

                                        Defendants.
_____

APPEARANCES:                                           OF COUNSEL:

LONTEZ BROOKS, SR.
15-B-2329
Plaintiff, pro se
Clinton Correctional Facility
P.O. Box 2000
Dannemora, NY 12929

HON. LETITIA JAMES                                     MATTHEW GALLAGHER, ESQ.
New York State Attorney General                       Assistant Attorney General
Counsel for Defendants
The Capitol
Albany, NY 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION AND ORDER

This action was commenced in August 2021 by _pro se_ Plaintiff Lontez Brooks, Sr. ("Plaintiff"),

an inmate in the custody of the New York State Department of Corrections and Community Supervision.

Dkt. No. 1 ("Original Complaint").  On October 13, 2021, the Court issued a Decision and Order granting

Plaintiff's application to proceed in the action _in forma pauperis_ ("IFP") and accepted the complaint for

filing.  Dkt. No. 5 ("October Order").  The complaint generally alleges that Plaintiff was assaulted by a

correctional officer at Gouverneur Correctional Facility on August 30, 2018, and that four other correctional officers failed to intervene to protect plaintiff.  *See generally* Compl.

The October Order directed that the Defendants be served with process, and those Defendants thereafter appeared in the action through counsel on or about December 8, 2021.  Dkt. Nos. 9-11.  On January 5, 2022, Plaintiff filed an amended complaint.  Dkt. No. 14 ("Amended Complaint").  In light of the procedural posture of the action, the Clerk has forwarded that amended pleading to the Court for review pursuant to 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.

Having carefully reviewed the amended complaint, the Court determines that Plaintiff has made no material changes to his original complaint.  The only difference between Plaintiff's original and amended complaints is that Plaintiff specifies that he sues the Defendants in their individual capacities, whereas the original complaint is silent as to whether the Defendants are sued in their individual and/or official capacities.  *Compare* Original Complaint at 7 (¶ 22), 8 (¶ 26), 9 (¶ 29), 10 (¶ 32), 11 (¶ 36), 12 (Prayer for Relief) *with* Amended Complaint at 7 (¶ 22), 8 (¶ 26), 9 (¶ 29), 10 (¶ 32), 11 (¶ 36), 12 (Prayer for Relief).  Accordingly, mindful of the Court's obligation to liberally construe a *pro se* litigant's pleadings, *see, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), Plaintiff's amended complaint is accepted for filing, and the Court will require Defendants to respond.  In so ruling, the Court expresses no opinion as to whether the amended complaint can withstand a properly filed dispositive motion.

**WHEREFORE** it is hereby

**ORDERED** that Plaintiff's amended complaint (Dkt. No. 14) is **ACCEPTED for filing** and is now the operative complaint in the action; and it is further

**ORDERED** that the Defendants are directed to respond to the amended complaint in accordance with the Federal Rules of Civil Procedure; and it is further

 **ORDERED** that the Clerk serve a copy of this Decision and Order on the parties in accordance with the Local Rules of Practice for this Court.

 **IT IS SO ORDERED.**

Dated: February 24, 2022
   Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge