**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

LONTEZ BROOKS, SR.,

                Plaintiff,

      v.                                      21-CV-963
                                            (GLS/DJS)

EDWIN J. ARQUITT, *et al.*,

                Defendants.

---

**APPEARANCES:**                                **OF COUNSEL:**

LONTEZ BROOKS, SR.
15-B-2329
Plaintiff, *pro se*
Groveland Correctional Facility
7000 Sonyea Road
Sonyea, New York 14556

HON. LETITIA JAMES                      MATTHEW GALLAGHER, ESQ.
New York State Attorney General        Assistant Attorney General
Counsel for Defendants
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

*Pro se* Plaintiff Lontez Brooks brings this civil rights action, pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights while he was in the custody of the Department of Corrections and Community Supervision ("DOCCS"). *See* Dkt. No. 14, Am. Compl. Defendants have now filed a Motion for

Summary Judgment, pursuant to Federal Rule of Civil Procedure 56(a), seeking to dismiss the Amended Complaint in its entirety. Dkt. No. 33. Plaintiff filed no opposition to the Motion and the Court *sua sponte* extended Plaintiff's time in which to do so. Dkt. No. 38. Despite that extension, Plaintiff still has not responded to the Motion.

For the reasons that follow, the Court recommends Defendants' Motion for Summary Judgment be **GRANTED**.

## I. BACKGROUND

The allegations in the Amended Complaint begin with an alleged assault of Plaintiff by Defendant Arquitt. *See generally* Am. Compl. Plaintiff alleges that the assault took place on August 30, 2018, while he was incarcerated at Gouverneur Correctional Facility. *Id.* at ¶ 11. He alleges that Arquitt slapped him three times and choked him. *Id.* at ¶¶ 13-14. Plaintiff alleges that Defendant Smitty witnessed this assault, but failed to intervene to stop it. *Id.* at ¶ 14.

Plaintiff admits that during this encounter he also slapped Arquitt. *Id.* He claims that in response, Arquitt and Smitty restrained him on the ground during which time Arquitt again struck him multiple times. *Id.* at ¶ 15. Plaintiff alleges that correctional staff was present but failed to stop Arquitt. *Id.* He also claims he was then taken to a strip frisk room and beaten by multiple unknown officers. *Id.* at ¶ 16.

At some point after these events, Plaintiff was transferred to Upstate Correctional Facility. Dkt. No. 33-1, Ex. A, Pl.'s Dep. at p. 49. While incarcerated there he filed an inmate grievance regarding the alleged assault. Am. Compl. at Ex. A; Dkt. No. 33-2, Seguin Decl. at Ex. B. That grievance was denied based on a finding of no staff misconduct. Seguin Decl. at Ex. C. DOCCS has no record of that denial being appealed. *Id.* at ¶ 20.

## II. SUMMARY JUDGMENT STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial, and cannot rest merely on allegations or denials of the facts submitted by the movant. FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving

3

party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v. Coughlin*, 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), *accord*, *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, summary judgment is appropriate "[w]here the record taken as a whole could not lead a

rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III. DISCUSSION

Defendants seek summary judgment based on Plaintiff's alleged failure to exhaust his administrative remedies. Dkt. No. 33-4, Defs.' Mem. of Law at pp. 5-9. For the reasons which follow, the Court recommends that summary judgment is appropriate based on Plaintiff's failure to exhaust.

### A. Exhaustion Procedure

The Prison Litigation Reform Act ("PLRA") provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. *Id.* at 524; *see also Ross v. Blake*, 578 U.S. 632, 638 (2016) (stating that the mandatory language of § 1997e(a) forecloses judicial discretion to craft exceptions to the requirement). Furthermore, § 1997e(a)

5

requires "proper exhaustion," which means using all steps of the administrative process and complying with "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). The defendant bears the burden of proving that the administrative remedies available to the plaintiff were not exhausted prior to the initiation of a civil action. *Howard v. Goord*, 1999 WL 1288679, at *3 (E.D.N.Y. Dec. 28, 1999).

In New York, the administrative remedies consist of a three-step Inmate Grievance Program ("IGP"). First, a grievance is submitted to the Inmate Grievance Resolution Committee ("IGRC"), a committee comprised of both inmates and facility employees. N.Y. COMP. CODES R. & REGS. tit. 7, § 701.5(b). An inmate must submit a grievance "within 21 calendar days of an alleged occurrence." *Id.* at § 701.5(a)(1). An inmate may request an extension of the time limit within forty-five days of the date of the alleged occurrence. *Id.* at § 701.6(g). The IGRC reviews and investigates the formal complaint and then issues a written determination. *Id.* at § 701.5(b). Second, upon appeal of the IGRC decision, the superintendent of the facility reviews the IGRC's determination and issues a decision. *Id.* at § 701.5(c). Finally, upon appeal of the superintendent's decision, the Central Office Review Committee ("CORC") makes the final administrative determination. *Id.* at § 701.5(d). Only upon exhaustion of all three levels of review may a prisoner seek relief in federal court. *Bridgeforth v. Bartlett*, 686

F. Supp. 2d 238, 239 (W.D.N.Y. 2010) (citing, *inter alia*, *Porter v. Nussle*, 534 U.S. at 524); *see also Neal v. Goord*, 267 F.3d 116, 121 (2d Cir. 2001), *overruled on other grounds by Porter v. Nussle*, 534 U.S. 516.

An expedited procedure exists for grievances regarding alleged harassment; this procedure also requires that the grievant receive a response from CORC in order to exhaust. 7 N.Y.C.R.R. § 701.8. Pursuant to this expedited procedure, the inmate may first report the incident to the employee's immediate supervisor. *Id.* at § 701.8(a). The inmate's allegations are given a grievance number and the Superintendent (or his designee) must promptly decide whether the grievance, if true, would represent a bona fide case of harassment. *Id.* at §§ 701.8(b) & (c). If it is determined that the grievance is a bona fide harassment issue, the Superintendent must initiate an investigation or request an investigation be undertaken by the Inspector General's Office or the New York State Police. *Id.* at § 701.8(d). The Superintendent is to render a decision on the grievance within 25 days of receipt unless an extension is granted. *Id.* at § 701.8(f). If the Superintendent fails to respond within 25 days, the grievant may appeal the grievance to CORC "by filing a notice of decision to appeal (form #2133) with the inmate grievance clerk." *Id.* at § 701.8(g). The grievant may appeal the Superintendent's response to CORC by filing a notice of decision to appeal within seven days of receipt of the Superinten'ds response. *Id.* at §§ 701.8(h). "Unless otherwise

7

stipulated . . . all procedures, rights, and duties pertaining to the processing of any other grievance as set forth in section 701.5 of this Part shall be followed." *Id.* at § 701.8(i).

## B. The Record Regarding Exhaustion

The record establishes that Plaintiff did file a grievance at Upstate Correctional Facility following the alleged assault. *See* Seguin Decl. at ¶ 13 & Ex. B. Given the nature of the grievance, alleging employee misconduct, it was forwarded directly to the facility Superintendent under 7 N.Y.C.R.R. § 701.8. *Id.* at ¶ 15. Plaintiff subsequently received a decision denying the grievance. *Id.* at Ex. C. That response found that there was no misconduct on the part of staff. *Id.* DOCCS' inmate grievance procedure provides for the opportunity to appeal an unfavorable determination regarding a grievance. The appeal is to CORC and under DOCCS' rules "[t]he request to appeal to CORC must also be submitted directly to the IGRC at the facility where the grievance was filed, for forwarding to CORC." Seguin Decl. at ¶ 5; *see also* 7 N.Y.C.R.R. §§ 701.5(d)(1) & 701.8(h). There is no evidence in the record, however, that Plaintiff appealed that unfavorable determination to CORC. At his deposition, Plaintiff testified that he mailed an appeal statement directly to an office in Albany. Pl.'s Dep. at p. 58. He could not state for certain where he mailed it, but testified "I think it was the Department of Corrections." *Id.* at pp. 58-59. DOCCS has no record of receiving an appeal. Seguin Decl. at ¶ 20.

8

Even assuming for purposes of the Motion that Plaintiff did mail the appeal to DOCCS, mailing it directly in this manner was not proper under DOCCS procedures. Seguin Decl. at ¶¶ 18-19; *see also* 7 N.Y.C.R.R. §§ 701.5(d)(1) & 701.8(h). The failure to properly file his appeal means that Plaintiff failed to properly exhaust his administrative remedies before filing this action. *Ruiz v. Link*, 2022 WL 3020254, at *4 (S.D.N.Y. July 29, 2022); *Valverde v. Folks*, 2022 WL 836310, at *6 (S.D.N.Y. Mar. 21, 2022), *aff'd*, 2023 WL 2439876 (2d Cir. Mar. 10, 2023).

### C. Whether Plaintiff's Failure to Exhaust Administrative Remedies May be Excused

A prisoner's failure to exhaust administrative remedies may nonetheless be excused if remedies were unavailable to the inmate. *Ross v. Blake*, 578 U.S. at 642. As the Supreme Court stated in *Ross*, "[a]n inmate . . . must exhaust available remedies, but need not exhaust unavailable ones." *Id.* The Court provided three potential circumstances in which administrative remedies may be unavailable: (1) where the administrative procedure technically exists but operates as a "dead end - with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) where the administrative scheme is "so opaque that it becomes, practically speaking, incapable of use"; and (3) where prison administrators "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at

643-44. Plaintiff bears the burden of establishing that the grievance procedures were unavailable within the meaning of *Ross*. *Martin v. Wyckoff*, 2018 WL 7356771, at *5 (N.D.N.Y. Oct. 16, 2018), *report and recommendation adopted*, 2019 WL 689081 (N.D.N.Y. Feb. 19, 2019).  Plaintiff makes no argument that the grievance process was unavailable to him and thus cannot carry that burden. *See White v. Williams*, 2016 WL 4006461, at *5 (N.D.N.Y. June 22, 2016), *report and recommendation adopted*, 2016 WL 4005849 (N.D.N.Y. July 25, 2016).

For these reasons, the Court recommends that the Defendant's Motion for Summary Judgment be granted based on Plaintiff's failure to exhaust his administrative remedies.

### IV.  CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Defendants' Motion for Summary Judgment (Dkt. No. 33) be **GRANTED**; and it is further

**RECOMMENDED**, that the Amended Complaint be **DISMISSED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[1] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:  May 19, 2023
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[1] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).